PROVOSTY, J.
Defendant was sheriff of Logan county, Ky., in the years 1898 to 1903, inclusive, and the plaintiff company was surety on bis official bond. In August, 1901, be furnished to plaintiff an indemnity bond of $25,000, signed by 25 sureties or indemnitors. In February, 1905, the county obtained judgment against the plaintiff c'ompany for $17,-617.22 for taxes and penalties which he had failed to collect, and the company at once paid the judgment. A few days thereafter some of the sureties, or indemnitors, on the indemnity bond brought suit to have the indemnity bond annulled, and in the alternative to have the liability thereunder restricted to those of the uncollected taxes which had fallen due subsequently to the date of the bond. What this restricted liability would have amounted to, the record does' not show. For the entire year 1901 the uncollected taxes amounted to $6,808.23. To that suit the plaintiff company, the defendant, Neely, and the co-sureties or co-indemnitors, were made parties defendant. The company added to its answer in that suit a cross-petition in which it asked for judgment against the indemnitors and Neely for the amount of the said judgment which it had paid, plus sundry other sums, the whole amounting to $21,353.11. The defendant, Neely, could not be cited in that suit, as he had already removed to this state, but he voluntarily entered his appearance both to the main suit and to the cross-petition, and waived service of the two petitions. The suit terminated in a compromise, to evidence which the following instrument was executed:
“(Triplicate.)
“Received of X L. Simmons, R. W. Newman, T. L. Hardy, Wilbur F. Browder, M. E. Alder-son, T. J. Woodward, Chas. E. Bates, administrator of A. E. Griffith, deceased, M. 'A. Neely, W. M. Blakey, representing the heirs at law of Geo. T. Blakey, deceased, G. W. Rieh.ardson, J. S. Smith, M. L. Fugate, I. G. Mason, J. W. Dickason, Virgil Bailey, G. Wash Bailey, Hiram Bailey, E. S. Cooper,. X C. Browder, H, Blister, D. B. Iiardy, & X W. Simmons, the sum of eight thousand dollars (8,000.00) in full settlement, discharge and satisfaction of the claim or claims and demands sued on by the Fidelity & Deposit Company of Maryland in. equity action #3,638 now pending in'the Logan circuit court at Russellville, Ky., wherein I. G. Mason is plaintiff and Fidelity & Deposit Company of Maryland et al. are defendants. The claim, or claims sued on in said action are set' out in the answer and cross-petition of the said Fidelity & Deposit Company of Maryland filed in said equitable action and all of said claims arise out of the indemnifying bond executed to the-Fidelity & Deposit Company of Maryland of the 3rd day of August, 1901, by the parties to -whom this receipt is now executed in connection with A. S. Davis, Sam Hooker, Joe Hardy and J. I. Cooper. The last four named obligors do not pay any part of the amount hereinabove enumerated as having paid same. The action of I. G. Mason, Plaintiff, v. Fidelity & Deposit Company of Maryland et al., Defendants, above referred to is to be dismissed settled at cost of plaintiff and the 21 defendants above named as having- paid the $8,000.00.
“Executed in triplicate, this the 18th day of May. 1906.
“Fidelity & Deposit Company of Maryland, “[Signed] By Fairleigh, Straus & Fairleigh,
“Attorneys.”
One of the originals of this instrument was transmitted to the home office of the plaintiff company.
Thereafter, on the joint motion-of Neely and the indemnitors, and on presentation of said document to the court, judgment was rendered dismissing the main suit and also the cross-demand of the plaintiff company as having been settled in full. That judgment is to-day in full force and effect. ■
In the instant suit, the plaintiff company demands of the defendant the same $17,617.-22 demanded in that suit. The defendant pleads the said compromise in bar, and the said judgment as res judicata.
The plaintiff company - replies that the compromise was with the indemnitors alone, *1039 and not with the defendant, Neely; that the attorney through whom it was made had no authority to compromise with Neely; that the fact of Neely’s name having been included in the foregoing receipt was not known until advice to that effect came from the Louisiana counsel employed to bring the present suit.
This replication is borne out by the testimony of the local attorney who represented the plaintiff company in making the compromise and who signed the foregoing instrument, and also by the testimony of the vice president of the plaintiff company, who acted for it in the matter at the home office. On the other hand, the attorney who represented Neely in the suit and who represented Neely and the indemnitors in making the compromise testifies that the compromise was intended to include Neely. The authority of plaintiff’s attorney to make the compromise resulted from, and is contained in, an extended correspondence covering a period of over six months between the said local counsel and the plaintiff company. In this correspondence there is nothing said expressly about compromise with Neely, and there are some expressions which might lead one to believe that the plaintiff company was under the impression that the suit was against the indem-nitors alone, and that the proposed compromise was to be with them alone. But the plaintiff company and its local attorney could not but have known that Neely was a party to the suit, and that what was proposed to be compromised was the suit, i. e., the entire suit. ' Again, it would be strange if they should not have noticed that the instrument drawn up to evidence the compromise included Neely; included him not only by name, but by necessary implication as one of the 22 persons who furnished the money for the compromise. As a matter of fact, one-fourth of the sum was contributed by Neely.
We need not, however, pass upon these issues of fact, for, granting that the lawyer who represented the plaintiff company in making the compromise had no authority to compromise with Neely, and granting that he did not understand he was doing so, the fact remains that the person who represented the other parties to the compromise understood differently, and that, as a matter Of fact, one-fourth of the money paid by virtue of the compromise was paid by Neely; so that the most that the plaintiff company could say would be that there had been a misunderstanding, and, therefore, no compromise ; and the most the plaintiff company could ask would be that the so-called compromise be set aside and things restored to their original position; and this the plaintiff is not asking. In fact, non constat that plaintiff would be willing to restore the status quo ante.
Furthermore, the demand of the plaintiff company against Neely in its cross-petition in the indemnitors’ suit having been the same as in the instant suit, and Neely having put in an appearance to that suit, the judgment in that suit, until set aside in a proper action, must, as a matter of course, be held to be res judicata of the present suit.
Judgment affirmed.